UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JANET FONTENOT DUHON | CIVIL ACTION NO. 6:12-cv-00461 |
| VERSUS | JUDGE DOHERTY |
| BANK OF AMERICA, N.A., L.P. AND JACKSON & MCPHERSON, L.L.C. | MAGISTRATE JUDGE HANNA |

## **REPORT AND RECOMMENDATION**

Pending before the Court are two unopposed motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, one of which was filed by defendant Bank of America, N.A. (Rec. Doc. 6), and the other of which was filed by defendant Jackson & McPherson, LLC (Rec. Doc. 9). Both motions are unopposed. Oral argument on the motions was held before the undersigned on July 25, 2012. At the hearing, the plaintiff was questioned by the Court, in accordance with the principles of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and 28 U.S.C. § 1915(e)(2)(B), to ensure that the complaint was in compliance with Local Rule 11.1W (B). Based on the plaintiff's representations and for the reasons explained below, it is recommended that the defendants' motions be denied as moot, that the plaintiff's oral motion for leave to proceed *in forma pauperis* be denied as moot, and

that the plaintiff's oral motion for dismissal of her claims be granted, resulting in dismissal of this action without prejudice.

## BACKGROUND

This lawsuit originated in the 15th Judicial District Court, Lafayette Parish, Louisiana. In that forum, Ms. Duhon filed suit against Bank of America N.A., L.P. and the law firm of Jackson & McPherson ("J&M"). The suit was removed to this forum.

Based on the pleadings filed, it appears that Ms. Duhon owned a home that was subject to a mortgage in favor of Countrywide Home Loans, that Countrywide sold the mortgage to Bank of America, that Bank of America foreclosed on the loan, and that J&M represented Bank of America in the foreclosure proceeding. Ms. Duhon was questioned at the hearing regarding whether this was the factual basis for her complaint, and after lengthy colloquy with the Court, she admitted that it was and that all she wanted was "her note back" that she had with Countrywide.

Ms. Duhon asserted claims against Bank of America under several state and federal statutes, none of which would be applicable to afford the relief she requested. Although not clearly set forth in the pleadings, there is evidence that the foreclosure proceedings were brought against her by Bank of America because she did not pay

the note that Bank of America issued after acquiring the note from Countrywide. Ms. Duhon admitted that she did not pay the notes because of personal and financial problems, but argued she was not a party to the transfer of the paper from Countrywide to Bank of America and alleged that she should not be bound by the terms of the note issued by Bank of America. Ms. Duhon did not allege that there was any discrepancy in the foreclosure proceedings themselves, there is no evidence in the record that the foreclosure was not done in accordance with settled legal procedures, she could not articulate anything about the foreclosure or eviction proceedings that would support a claim against Bank of America, and she admitted that she did not challenge the foreclosure proceeding in state court.

Her claims against J&M were two fold – that J&M did not give her a copy of the proof that Bank of America was a holder in due course, and that J&M caused her emotional distress when she was evicted. There are no facts to support the latter claim in the complaint and none were articulated at the hearing. With regard to the former, as pointed out by J& M, there is no cause of action for failing to provide her the paper she requested outside of the foreclosure proceedings.

Both Bank of America and J& M responded to Ms. Duhon's complaint by filing motions for judgment on the pleadings. (Rec. Doc. 6 and Rec. Doc. 9,

respectively). In their briefing and also at the hearing, the defendants argued that Ms. Duhon's petition failed to sufficiently articulate a factual basis for the claims asserted.

The undersigned, after defense counsel argued, attempted to explain exactly why there was a need for a factual basis for the complaint. When Ms. Duhon could not articulate any factual basis for her complaint at argument, the undersigned was willing to allow her an opportunity to amend her complaint to try and set forth a factual basis for her complaint. Further, after reviewing her financial affidavit, the undersigned was willing to allow her to proceed *in forma pauperis*. However, at that point Ms. Duhon indicated that she wanted to dismiss her complaint and proceed no further. Counsel for the defendants had no objection to a dismissal without prejudice under Rule 41 of the Federal Rules of Civil Procedure.

## ANALYSIS

The standard for resolving a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is the same as the standard used to resolve a motion for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Therefore, in deciding the defendants' motions, this Court must evaluate the pleadings by accepting all well-pleaded facts as true and viewing them

---

[1] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002).

in the light most favorable to the plaintiff.[2] To survive the defendants' motions, Ms. Duhon must plead "enough facts to state a claim to relief that is plausible on its face."[3] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] "The plausibility standard. . . asks for more than a sheer possibility that the defendant has acted unlawfully."[5] The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level,"[6] and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[7] Judgment on the pleadings is appropriate only if there are no disputed issues of material fact and the only questions to be decided are questions of law.[8]

During the course of the hearing, Ms. Duhon made an oral motion for *in forma pauperis* status, which was supported by an affidavit submitted in open court.

---

[2] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).

[3] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Iqbal*, 556 U.S. at 678.

[6] *Twombly*, 550 U.S. at 555.

[7] *Iqbal,* 556 U.S. at 678.

[8] *Voest–Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).

Counsel for the defendants declined the opportunity to traverse the affidavit. Upon review of the affidavit, and noting the absence of any objection or traversal, the undersigned found that Ms. Duhon is disabled, has been unemployed since 2005, has a heart condition, and has significant debt. Accordingly, had Ms. Duhon not moved for dismissal of the action, the undersigned was going to grant her oral motion for leave to proceed *in forma pauperis*.

During the course of the hearing, oral argument on the defendants' motions to dismiss was heard from Ms. Duhon and also from counsel for both defendants. The undersigned found that there was considerable merit to the defendants' motions to dismiss. Recognizing that the pleadings filed by *pro se* litigants are to be interpreted liberally and that *pro se* litigants are held to a lesser pleading standard than other parties,[9] however, the undersigned was inclined to give Ms. Duhon an opportunity to amend her complaint in an effort to overcome the defects in her pleading articulated by the defendants and found meritorious by the undersigned.

During the course of the hearing, however, Ms. Duhon made an oral motion to dismiss her action. Neither defendant had any objection to that motion, and Ms.

---

[9] *Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Duhon assured the undersigned that she understood the ramifications of making such a motion.

Had the undersigned had no alternative but to rule on the merits of the motions for dismissal, and had Ms. Duhon been represented by counsel, the undersigned would have found that her complaint against both Bank of America and J&M lacks a sufficient factual basis to withstand the defendants' motions for dismissal. The undersigned would have found that Ms. Duhon did not plead enough facts to state a claim for relief that is plausible on its face. Because Ms. Duhon was proceeding *pro se* and there was no record produced from the underlying state court foreclosure proceeding, the undersigned was inclined to view her pleadings liberally and to afford her an opportunity to amend her complaint in order to shore up the factual underpinnings of her claims if that was possible. Because Ms. Duhon requested dismissal of the lawsuit, assured the undersigned that she was weary of litigation and desired to proceed no further with her claims, combined with the likelihood the foreclosure proceeding was done in accordance with law, and there being no objection from the defendants, the undersigned recommends that her oral motion for dismissal be granted and the action dismissed without prejudice.

Accordingly, the undersigned recommends (1) that Ms. Duhon's oral motion for dismissal of this action be granted and this action be dismissed without prejudice,

under Rule 41 of the Federal Rules of Civil Procedure; (2) that Ms. Duhon's oral motion for leave to proceed *in forma pauperis* be denied as moot; (3) that Bank of America's motion for judgment on the pleadings (Rec. Doc. 6) be denied as moot; and (4) that Jackson & McPherson's motion for judgment on the pleadings (Rec. Doc. 9) also be denied as moot.

## CONCLUSION

For the reasons explained above, the undersigned recommends (1) that Ms. Duhon's oral motion for dismissal of this action be granted and this action be dismissed without prejudice, under Rule 41 of the Federal Rules of Civil Procedure; (2) that Ms. Duhon's oral motion for leave to proceed *in forma pauperis* be denied as moot; (3) that Bank of America's motion for judgment on the pleadings (Rec. Doc. 6) be denied as moot; and (4) that Jackson & McPherson's motion for judgment on the pleadings (Rec. Doc. 9) be denied as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 30th day of July 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE